## Marvin T. O'BRYAN, Plaintiff-Appellant,

v.

## Caspar WEINBERGER, Secretary of Health, Education & Welfare, Defendant-Appellee.

### No. 74–1868.

United States Court of Appeals,
Sixth Circuit.

Feb. 25, 1975.

E. Louis Johnson, Humphrey, Wilson, Johnson & Presser, Owensboro, Ky., for plaintiff-appellant.

George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for defendant-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and DeMASCIO,* District Judge.

PER CURIAM.

In this case appellant O'Bryan's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–431 (1970), as amended, (Supp. II, 1972), was denied by the Appeals Council and the Secretary of Health, Education and Welfare after an administrative law judge had entered an order granting disability benefits. The District Court affirmed the findings and conclusions of the Appeals Council.

Oral argument of the case was waived, but each member of the court at conference had individually arrived at the conclusion from reading the briefs and appendices that O'Bryan would not be able to work again. Recognizing, of course, that our appellate function is not to decide ab initio but rather to determine whether or not the findings of the Secretary were supported by substantial evidence, it still seemed likely to the court that we might find from a careful examination of this record that O'Bryan had made a prima facie case of complete and total disability and that it had not been rebutted by the medical evidence relied upon by the Appeals Council and the District Judge.

This court has, of course, held that where there is medical proof of disability, the government cannot deny dis-

---

* Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, Southern Division, sitting by designation.

ability without some medical opinion that in fact the claimant is capable of gainful employment. Giddings v. Richardson, 480 F.2d 652 (6th Cir. 1973); Whitson v. Finch, 437 F.2d 728 (6th Cir. 1971).

 We have now read the entire transcript with care and find that there is medical evidence that constitutes substantial evidence to support the Secretary's findings of residual capacity for light work.

O'Bryan is a 52-year-old man who has never resumed his previous work as a truck driver since undergoing major surgery for repair of an abdominal aneurysm by replacement of a portion of the arterial system by a Y-graft. The medical and lay evidence supports the conclusion that this operation was successful and appellant's disability claim does not appear to rest thereon.

Appellant's case for total disability is primarily based upon emphysema. In this regard the lung capacity study made by Dr. Jackson at Trover Clinic, which found appellant's breathing capacity to be within normal limits, must be regarded as substantial evidence which supports the findings of the Secretary. On balance we conclude that the same must be said concerning the somewhat ambiguous opinion of Dr. C. W. Van-Hooser, who expressed the view that appellant was capable of light work, but doubted that he could secure such a job. The doubt expressed by Dr. VanHooser is clearly not a medical opinion. While we might share the doctor's doubt, it is clear that Congress in the 1968 Amendment to the Social Security Act, Act of Jan. 2, 1968, Pub.L.No. 90–248, § 158, 81 Stat. 868, amending 42 U.S.C. § 423 (1966) (codified at 42 U.S.C. § 423(d) (1970)), deliberately eliminated from court consideration of total disability the question as to whether a job was actually available to claimant where he lived, provided there was testimony in the record that jobs which he was capable of performing existed in the national economy as statutorily defined. *See* S.Rep.No.

744, 90th Cong., 1st Sess., 1967 U.S.Code Cong. & Ad.News 2834, 2882.

Finally, we note that the Secretary's brief points out that if appellant's emphysema has worsened since 1972, his period of eligibility extends well into 1975, and there is no legal bar to an application asserting total disability due to such change.

The judgment of the District Court is affirmed.

ENGEL, Circuit Judge (concurring).

I agree with the majority that substantial evidence supports the Secretary's findings and hence that the judgment of the district court should be affirmed. I refrain, however, from expressing any view on the effect of Giddings v. Richardson, 480 F.2d 625 (6th Cir. 1973), and Whitson v. Finch, 437 F.2d 728 (6th Cir. 1971), since I do not believe any such expression is necessary to the decision in this case.