772 F.2d 905
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT E. BIVINS, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-6082
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 W.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: LIVELY, MERRITT and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Bivins appeals the district court's order of summary judgment upholding the Secretary's determination that Bivins is not disabled.
 
 
 2
 Bivins was born on December 17, 1923 and he has a sixth grade education. His past work includes eleven years as an underground coal miner, three to four years as a hospital orderly and he last worked as a custodian and bartender at a local VFW Club. He receives monthly black lung benefits and a disability pension from the Veterans Administration.
 
 
 3
 Bivins filed an application for disability benefits on October 14, 1980, alleging disability as of September 17, 1980 due to nerves, arthritis and cirrhosis of the liver. The Secretary determined that Bivins was not disabled. On October 27, 1982 the district court remanded the case to the Secretary for consideration of an additional modical report which was not previously presented to the Secretary. After consideration of this additional evidence the Secretary again decided that Bivins was not disable, based on the finding that Bivins failed to prove that he was incapable of performing past relevant work. The district court affirmed this decision by granting the Secretary's motion for summary judgment. It is this decision of the Secretary which is reviewed in this appeal.
 
 
 4
 The evidence originally presented consists primarily of reports of three physicians and hospitalization reports. Dr. Calhoun is a general practitioner and his examination of Bivins indicated coal miner's pneumoconiosis, enlarged liver, clubbing of the fingers and early cyanosis. Blood gas studies were interpreted as normal. At Dr. Calhoun's request, Dr. Pitzer performed pulmonary function tests on Bivins. According to Dr. Pitzer, the tests revealed a moderate decrease of the forced vital capacity, a marked decrease of the maximal ventilatory volume, and a breathing capacity of 46 to 53 percent of normal. From Dr. Pitzer's findings and his own examination, Dr. Calhoun concluded that Bivins was totally disabled.
 
 
 5
 Dr. Thacker also examined Bivins. The examination indicated no enlargement of the liver or spleen, no fluid in the abdomen, no cyanosis, and no decrease in the range of motion of the joints. Dr. Thacker did note that the lumbar spine flexion-extension indicated a decreased range of motion due to complaint of back pain. Spinal x-rays were interpreted as normal. Dr. Thacker stated that Bivins exhibited neither psychomotor retardation nor severe depression, and that there was no specific evidence of deterioration in Bivins' personal habits.
 
 
 6
 Dr. Anderson, a Board-certified psychologist, was Bivins' treating physician. Dr. Anderson summarized his opinion regarding Bivins in a letter. He stated that Bivins' premier problem was chronic depression with anxiety overlays, and even if Bivins did not have the emotional condition he was still severely handicapped with emphysema. Dr. Anderson concluded that Bivins was totally disabled due to emotional and medical problems.
 
 
 7
 Three reports from the VA Hospital in Nashville, Tennessee were also presented. The reports show that Bivins had been hospitalized in 1947, 1954 and 1972. The 1972 report indicated that Bivins was markedly obese, had some hemorrhoidal tags, had slightly decreased bone vibratory sensation but otherwise was essentially physically normal. The diagnosis in the report was severe depressive neurosis with features of anxiety, hypochondriasis and psychophysiological reaction.
 
 
 8
 The additional evidence presented at the second hearing was a psychiatric evaluation by Dr. Smith. Dr. Smith commented on Bivins' appearance and motor activity, speech, mental content, and sensorium. At the examination, Bivins moved slowly but did not appear to have a gait abnormality. Bivins' speech was clear and coherent, his answers were relevant and adequate though at times disjointed, and his associations were followable. Dr. Smith noted that Bivins was preoccupied with his symptoms, and that he rambled on about them during their discussion. Overall, Bivins was found to be well-oriented, and provided better general and geographical information than Dr. Smith expected. Dr. Smith's psychiatric diagnosis, however, was severe and chronic depression with anxiety features. Dr. Smith concluded that on a psychiatric basis alone he was disabled.
 
 
 9
 This court's is limited to determining whether substantial evidence supports the Secretary's decision. See 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Substantial evidence is that evidence which a reasonable mind could accept as sufficient to support the conclusion reached. Perales, 402 U.S. at 401; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 10
 We believe that substantial evidence supports the Secretary's finding that Bivins failed to prove that he was incapable of performing past relevant work. The Secretary could reasonably determine from the evidence presented that Bivins' arthritis was not disabling. Dr. Thacker's examination found no joint deformities or decreased range of motion except with regard to Bivins' back. Extension of his lumbar spine was decreased to sixty percent of normal, but that was the only range of motion abnormality diagnosed. Dr. Calhoun's diagnosis conflicts with Dr. Thacker's, but the findings supporting the diagnosis are not sufficient to convince the court that the Secretary improperly relied on Dr. Thacker's findings. The only other medical evidence of arthritis is Dr. Anderson's diagnosis which noted a thirty percent decrease in back motion. However, Dr. Anderson also stated that the arthritis responded to medication, and as a result the Secretary could reasonably find that it would not be disabling. Therefore, even in light of some conflicting diagnoses, we believe substantial evidence exists to support the Secretary's finding that the arthritis was not disabling.
 
 
 11
 We believe there is also substantial evidence that Bivins' respiratory problems did not prevent him from performing his past relevant work. We recognize that Bivins is currently receiving black lung benefits. This fact does not require the Secretary to grant Social Security disability benefits, though. The requirements for benefits under the regulations are different, and a finding that an individual is disabled in support of an award of black lung benefits is not binding on the Secretary. Hamblin v. Weinberger, 386 F. Supp. 1009, 1013 (E.D. Ky. 1974).
 
 
 12
 Bivins argues that Dr. Calhoun's diagnosis of pneumoconiosis proves his disability. Dr. Calhoun concluded that Bivins was disabled from pneumoconiosis based on various tests. However, in order to find such disability, pulmonary tests must disclose a substantial respiratory impairment that would prevent Bivins from performing his previous relevant work. O'Bryan v. Weinberger, 511 F.2d 68 (6th Cir. 1975). The clinical reports on Bivins indicated that his blood gases were normal, and the pulmonary studies did not disclose a totally disabling impairment, just a diminished capacity. Therefore, the Secretary had substantial evidence to support his decision that Bivins' respiratory problem did not prevent him from performing his past relevant work.
 
 
 13
 The Secretary also found that Bivins' nervous condition was not a disabling impairment. According to Dr. Anderson, Bivins suffered from chronic depression with anxiety overlays and was totally disabled as a result of the condition. Normally, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor or of a physician who examined the claimant only once. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983). However, the testimony of a treating physician is not necessarily conclusive, and we believe that Dr. Anderson's testimony is not controlling in this case.
 
 
 14
 The fact that a claimant has anxiety problems does not necessarily indicate that the claimant is disabled. Banks v. Celebrezze, 341 F.2d 801 (6th Cir. 1965). Bivins has a long history of nervous problems, but he worked during the entire time he had the condition until 1980. When Dr. Thacker examined Bivins in 1981, he noted that Bivins was oriented in three spheres and that Bivins' responses were appropriated. Dr. Thacker also determined that the cranial nerve functions II-XII were intact. Also, even though Dr. Smith concluded that Bivins was disabled many of his observations concerning Bivins' speech, mental conduct and sensorium indicate a lack of disability. We believe that Dr. Smith's comments, Dr. Thacker's diagnosis, and Bivins' record of past employment are sufficient evidence to rebut Dr. Anderson's diagnosis and are sufficient to support the Secretary's conclusion that the nervous condition was not disabling.
 
 
 15
 For the reasons stated above, we conclude that the Secretary's decision to deny benfits is supported by substantial evidence, and the judgment of the district court is AFFIRMED.