890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bennie BLEVINS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5243.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 Claimant Blevins appeals from the District Court's denial of social security benefits. We affirm.
 
 
 2
 Claimant was fifty-two years old at the time of the hearing before the Administrative Law Judge. He has the equivalent of a high school education and was previously employed as a truck driver. He alleged disability because of severe chronic pulmonary disease, low back pathology, slight hand tremors, borderline IQ, psychiatric impairments, and alcoholism. Because he suffered from both exertional and nonexertional impairments, the grid could not be used. Appendix 2, 20 C.F.R. Part 404, Subpart P, Section 200.00(e). The Administrative Law Judge heard the testimony of a vocational expert witness who testified that although the claimant was unable to perform his past work, he was still capable of performing some light work. Based on that testimony and the evidence before him the Administrative Law Judge found that claimant was not disabled and denied him disability benefits.
 
 
 3
 The Magistrate found that the Administrative Law Judge's findings based on the vocational expert's testimony were supported by substantial evidence. The Administrative Law Judge properly sought the expert's testimony because claimant suffered from both exertional and nonexertional impairments. See Buress v. Secretary of Health and Human Services, 835 F.2d 139 (6th Cir.1987). In this case the vocational expert testified that claimant's most serious problem was his back condition which could cause him considerable pain if he had to sit for long periods of time. Relying on this testimony, the Administrative Law Judge found that claimant was capable of performing light work which requires a great deal of standing.
 
 
 4
 The issue claimant raises on appeal is whether the Administrative Law Judge properly relied on pulmonary function studies, which were within normal limits, in finding that claimant could still perform light work. Claimant argues that if the Administrative Law Judge had not relied on the pulmonary function studies in finding that the disease was of no exertional significance, claimant would have been found disabled. The vocational expert testified that claimant could not perform either sedentary or medium work. If the Administrative Law Judge had not relied on the pulmonary function studies then claimant might have been found unable to perform light work, thus making him totally disabled.
 
 
 5
 In O'Bryan v. Weinberger, 511 F.2d 68 (6th Cir.1975), this Court held that a lung capacity study that was within normal limits was substantial evidence to support the Secretary's denial of benefits. O'Bryan, 511 F.2d at 70. See also Crady v. Secretary of Health and Human Services, 835 F.2d 617 (6th Cir.1987) (pulmonary test result of mild obstructive defect justified Administrative Law Judge's finding that light work was not precluded). Thus, it was proper for the Administrative Law Judge to rely on the studies in the absence of other credible evidence.
 
 
 6
 Claimant contends that the statement of two of his doctors were not properly considered by the Administrative Law Judge. One doctor questioned the usefulness of the studies, while another stated claimant could lift less than ten pounds and his ability to push or pull would be affected. The Administrative Law Judge rejected this testimony, finding that the doctors' opinions were not supported by the test results. Neither of the doctors stated explicitly that claimant was exertionally impaired and probably would be unable to perform light work. Thus, the Administrative Law Judge did not err in refusing to give more weight to the doctors' opinions.
 
 
 7
 Because the Administrative Law Judge properly relied on the vocational expert's testimony, and on the pulmonary function studies, we find that his decision was supported by substantial evidence.
 
 
 8
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation