793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT R. BLOCK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-1301
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Robert R. Block, appeals from an order of the district court granting summary judgment in favor of the Secretary affirming the denial of social security disability benefits. Appellant first filed his claim on June 19, 1981 indicating that he had been unable to engage in any substantial gainful activity since March 16, 1977 because of lower back and leg pain, lumbosacral strain, disc injury, spastic colitis and hypertension. Benefits were denied, initially and upon reconsideration, by the Secretary. At a de novo hearing on April 7, 1982, the Administrative Law Judge (ALJ) found that appellant retained the residual functional capacity for sedentary work.
 
 
 2
 The Appeals Council affirmed the ALJ's decision. The district court, after reviewing the record, briefs and magistrate's report and recommendation, granted the Secretary's motion for summary judgment denying benefits. For the following reasons, we reverse the district court's decision and award benefits.
 
 
 3
 Appellant was born July 7, 1943 and was forty years old at the time of his hearing. He has an eleventh grade education and most recently worked at Apex Foundry where he was a moulder. Prior to working at Apex Foundry appellant worked as a television delivery man and a gas station attendant.
 
 
 4
 Appellant testified that he injured his back in 1977 as a result of a fall in the foundry. He was placed on indefinite disability leave and received workers compensation benefits until June 1978. At that time appellant requested permission to return to work. Appellant continued to work until August of that year when the company doctor informed him that he could no longer work due to problems with his leg giving out.
 
 
 5
 Appellant asserts that he is unable to work because of his leg problems, numbness in his left foot, persistent low back and leg pain, lumbosacral disc injury, spastic colitis and hypertension. The ALJ found that appellant has degenerative arthritis of the spine with some spurring; mild sclerosis, mild hypertension, controlled by medication; granulomatous colitis; and anxiety. Notwithstanding these impairments, the ALJ found that appellant retained the residual functional capacity for sedentary work.
 
 
 6
 The medical evidence indicated that Dr. Augustine examined appellant on April 9, 1977 and found no neurogenic problems at that time. However, the doctor also reported that claimant had mild dorsal rotundum and a corresponding mild lumbar lordosis. Moreover, Dr. Augustine stated that the examination was consistent with low back pain and the x-rays revealed mild arthritic changes in the lumber spine. On June 11, 1977, Dr. Augustine found neurogenic problems, and stated that appellant was totally disabled.
 
 
 7
 In June 1978, appellant requested and was allowed to return to his prior employment in order to attempt to work; however, he was still wearing a chair-back brace and undergoing treatment with Dr. Pendy for a recurrent lumbosacral strain with a possible ruptured disc. During this time, appellant's leg frequently became numb and his knee would give out causing him to fall. Appellant continued working until 1978. On March 16, 1978, Dr. Pendy states that appellant was completely disabled due to lumbosacral strain with chronic recurrent nerve root irritation and degenerative arthritic changes in the cervical spine.
 
 
 8
 Dr. Lewis treated appellant from February 1977 through August 1978. On June 4, 1981, Dr. Lewis stated that appellant was and is totally disabled due to his chronic back syndrome and probable herniated lumbar disc lesion.
 
 
 9
 Dr. Johnson treated appellant from 1979 through 1983. Dr. Johnson stated in three separate reports in 1981, 1982 and 1983 that appellant was totally disabled. Dr. Johnson indicated claimant's disability stemmed from numerous ailments including hypertension aggravated by severe anxiety, spastic colitis, continuous low back pain and numbness in the right leg. Due to his conditions, appellant is on extensive medications including Valium, Procardia, Feldene, Seconal and Tylenol No. 4.
 
 
 10
 Dr. Lindner examined appellant on July 29, 1977 and found no neurological abnormalities and thus recommended a back support. On September 29, 1977, Dr. Sweeney saw appellant and reported the neurological examination was negative but there were considerable spasms in the back. Dr. Stewler examined appellant in November 1977, and reported no basis for neurologic disability. However, Dr. Strewler felt that appellant may have an internal derangement of the right knee; thus he suggested further testing if appellant continued to complain. Finally, after one orthopedic examination on July 24, 1981, Dr. Glowacki found no abnormality which would explain appellant's complaints.
 
 
 11
 The issue on appeal is whether there is substantial evidence in the record to support the Secretary's determination that appellant is capable of doing sedentary work. We may not base our decision entirely on a single piece of evidence, and disregard other pertinent evidence.
 
 
 12
 The law is clear that the opinion of a treating physician is entitled to great weight in determining whether a plaintiff is capable of performing substantial gainful activity. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the extent of the weight given to the treating physician depends on the degree to which it is supported by specific and complete clinical findings. Giddings v. Richardson, 480 F.2d 652, 656 (6th Cir. 1973).
 
 
 13
 In the present case, we believe the ALJ gave improper consideration and weight to the opinion of Dr. Glowacki, a non-treating physician, who only saw appellant once. Moreover, Dr. Glowacki does not deny that appellant has a combination of disabling impairments, rather he only states that he cannot locate the abnormalities. On the other hand, the opinions of Drs. Johnson, Lewis and Pendy who have a history of treating appellant, were virtually ignored. These doctors found appellant totally disabled based upon significant laboratory and clinical findings. Since we believe that the opinions of the treating physicians here were not accorded sufficient weight, the Secretary's decision denying benefits is not supported by substantial evidence.
 
 
 14
 Furthermore, it has long been held in this circuit that pain alone, if the result of a medical impairment, may be severe enough to constitute disability. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir. 1981). Where complaints of pain consistently appear in the record, and are supported by medical evidence, this court may appropriately reverse the decision of the Secretary. King v. Heckler, 742 F.2d 968, 974-75 (6th Cir. 1984). This is true, however, only if there are ample objective signs and diagnostic tests which corroborate the existence of pain, although not necessarily the source. 20 C.F.R. Sec. 404.1528; Sec. 404.1529 (1985).
 
 
 15
 We find that appellant is totally disabled due to his pain. The record contains appellant's numerous complaints of pain. These complaints are substantiated by the reports of several treating physicians, clinical tests and the fact that appellant takes extensive medications. We, therefore, conclude that appellant has satisfied his burden under the Act and that the Secretary's findings are not supported by substantial evidence.
 
 
 16
 Accordingly, the judgment is reversed and the case is remanded to the district court with instructions to remand to the Secretary for an award of benefits.