866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly BREWER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1811.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1989.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Beverly Brewer appeals the district court's affirmance of the Secretary's denial of her claim for social security disability benefits. Like the district court, we conclude that the Secretary's decision is supported by substantial evidence, and therefore, we affirm.
 
 I.
 
 2
 Beverly Brewer was forty-six years old when she filed her complaint for social security disability benefits on January 28, 1985. She completed the eleventh grade and could read and write.
 
 
 3
 Brewer worked for General Motors Corporation ("GMC") Trade Diesel Division, but was laid off in September 1982. GMC recalled her in January, 1984, but she ceased work permanently on March 13, 1984. At GMC Brewer worked as a drill and tap bore machine operator, a line assembler, a hi-lo driver, an installer of fuel filters, and a stock chaser with an electric cart. She drove electric and gas powered conveyance machines, worked with manual and automatic tools, and generally walked or stood from two to eight hours daily, bending, reaching, and lifting up to one hundred pounds. She claims a disability onset date of March 13, 1984, due to industrial overuse of her arms and wrists.
 
 II.
 
 4
 On review this court's duty is to determine whether substantial evidence supports the Secretary's decision and whether correct legal standards were applied in reaching the decision. 42 U.S.C. Sec. 405(g); Garner v. Heckler, 745 F.2d 383 (6th Cir.1984). It is not for this court, but rather for the Secretary, to weigh evidence, resolve material conflicts, and make independent findings of fact. Richardson v. Perales, 402 U.S. 389, 400 (1971). Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Substantial evidence requires " 'more than a mere scintilla' ", but less than a preponderance of the evidence. Id.
 
 III.
 
 5
 Plaintiff must meet a two-fold test to establish her eligibility for disability benefits under the Social Security Act. First, she must establish the existence of a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than twelve months; and second, she must show that her impairments render her unable to engage in any substantial gainful employment. 42 U.S.C. Sec. 423(d)(1)(A); Stille v. Weinberger, 499 F.2d 244 (6th Cir.1974). In order to make more rational and fair determinations of whether claimants meet the underlying statutory test for disability--whether considering age, education, and work experience, a medically determinable impairment renders claimant unable to engage in substantial gainful activity existing in the national economy--the Secretary promulgated Regulations providing for the sequential evaluation of claims for disability insurance pursuant to Title II of the Social Security Act. 20 C.F.R. Sec. 404.1520 (1987); Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985). Under the Regulations' five-step sequential evaluation process, review ends if the Secretary makes a dispositive finding at any point. 20 C.F.R. Sec. 404.1520(a) (1987). Congress approved the sequential evaluation process through enaction of the Social Security Disability Benefits Reform Act of 1984. Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir.1985).
 
 
 6
 The five-steps of the Regulations guide analysis as follows:
 
 
 7
 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. Sec. 404.1520(b));
 
 
 8
 2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. Sec. 404.1520(c));
 
 
 9
 3. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. Sec. 404.1520(d));
 
 
 10
 4. If, upon determining residual functional capacity, the Secretary finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. Sec. 404.1520(e));
 
 
 11
 5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. Sec. 404.1520(f)).
 
 
 12
 In this case the ALJ's findings progressed through step five. None of the earlier steps proved dispositive. At step one the ALJ found that Brewer had not in fact engaged in substantial gainful activity since the alleged onset date of March 13, 1984; at step two the ALJ found that Brewer did have severe impairments (status post left side rib surgery to relieve the pressure of the neurovascular bundle at the thoracic outlet, status post surgical transposition of the ulnar nerve at the left elbow, status post left hip surgery and pin implacement, and thoracic outlet syndrome); at step three the ALJ found that none of Brewer's severe impairments, individually or in combination, met the requirements of the listings (Appendix 1, Subpart P, Regulations No. 4); and, at step four, after determining that Brewer retained the residual functional capacity to perform sedentary work, the ALJ found that she was not in fact capable of returning to her prior relevant work. Thus, Brewer established a prima facie case of disability and the burden shifted to the Secretary to introduce substantial evidence of the existence of other jobs that she could perform given her residual functional capacity, age, and vocational factors.
 
 
 13
 The ALJ relied on the testimony of vocational expert Dr. Hecker, and the grids, to support his conclusion that the government met its burden. Dr. Hecker identified five thousand sedentary, unskilled clerical positions, and ten thousand unskilled assembler-attendant industrial positions that an individual with a residual functional capacity for sedentary work could perform and that existed in the southeast Michigan area. With respect to the grid, the ALJ found that Brewer's characteristics exactly corresponded to Rule 201.19. She was forty-seven years old at the time of the hearing thus, a younger individual. 20 C.F.R. Sec. 404.1563 (1987). Because she was younger, the transferability of her skills was immaterial. Finally, she had an eleventh grade, or limited education. 20 C.F.R. Sec. 404.1564 (1987). Because Brewer alleged no nonexertional incapacities, the Secretary did not act improperly in relying on the grid. See Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987).
 
 
 14
 If substantial evidence supports the ALJ's finding that Brewer retained the residual functional capacity for sedentary work, the grid and the vocational expert's testimony adequately support the decision to deny her disability benefits. See, Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 IV.
 
 15
 Residual functional capacity (RFC) is a measure of what individuals can do despite limitations that physical and/or mental impairments impose. 20 C.F.R. Sec. 404.1545(a). The Secretary, or ALJ at the hearing level, must assess such abilities as walking, standing, and lifting when determining how physical impairments impact RFC. This case did not involve mental or other impairments that could affect an RFC determination.
 
 
 16
 The Secretary concluded that despite Brewer's physical impairments, she maintained the residual functional capacity to perform sedentary work. Sedentary work requires:
 
 
 17
 [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 18
 20 C.F.R. Sec. 404.1567(a) (1986).
 
 
 19
 Substantial evidence supports the ALJ's determination that Brewer could engage in sedentary work activity. Brewer's own testimony and disability application indicated that she was able to perform a substantial amount of daily household activity without major difficulty. In fact, she even continued to seek work after the alleged onset of her alleged total disability.[1]
 
 
 20
 Furthermore, the doctors' reports considered by the ALJ did not preclude the ability to engage in sedentary work. Dr. Sanghvi found good grip and full extremity motion. Dr. Holda did opine that Brewer was disabled, but his report did not support that conclusion. His report indicates no abnormal sensory, reflex, or motor functions despite Brewer's subjective complaints of pain. He recommended limiting lifting to twenty pounds.
 
 
 21
 Appellant's argument that the ALJ failed to give greater weight to the findings of a treating physician in violation of this court's decision in Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983), and cases cited therein, is without merit. The ALJ only failed to adopt the treating physician's non-diagnostic conclusion. That was not per se improper because the Secretary, not treating physicians, is ultimately responsible for determining disability under the standards of the Act. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984); Harris v. Heckler, 756 F.2d 431 (6th Cir.1985). "Accordingly, the Secretary is not bound by a treating physician's conclusory statement." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986) (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984)). Furthermore, as this court stated in Giddings v. Richardson, 480 F.2d 652, 656 (6th Cir.1973): "The weight to be given such physician's statement [regarding work ability] depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments." Because the reports of both treating and examining physicians are substantially similar in finding a lack objective medical evidence of any disorder, this is unlike cases in which " 'the opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.' " Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987) (quoting Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir.1985). Dr. Holda's medical findings did not support his disability conclusion.
 
 
 22
 Basically, then, the ALJ was left with Brewers' subjective complaints of pain resulting from extended use of her upper extremities. Pursuant to this court's analysis in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986) of Section 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, Sec. 3, 98 Stat. 1794, 1799 (1984), a subjective complaint of pain, standing alone, does not provide conclusive evidence of disability. Duncan requires:
 
 
 23
 [E]vidence of an underlying medical condition and (1) ... objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which reasonably could be expected to give rise to the alleged pain.
 
 
 24
 Duncan, 801 F.2d at 853.
 
 
 25
 In this case, the ALJ's fourth finding provided evidence of an underlying medical condition (prior broken hip and rib surgery) but Brewer still failed to meet either requirement of Duncan's second prong. First, Brewer's medical record failed to provide objective medical evidence to support her allegations of disabling pain. X-ray exams and all tests were normal. Moreover, neither Dr. Holda nor Dr. Sanghvi described a condition that would confirm the severity of her alleged pain. Second, there was no evidence that her underlying medical condition--hip and rib surgery--could reasonably be expected to cause great pain in upper extremity movement.
 
 
 26
 Based on the requirements of the Social Security Disability Benefits Reform Act of 1984, the evidence presented to the ALJ, and the essentially duplicative evidence submitted to the Appeals Council, substantial evidence supported the Secretary's determination that Brewer's complaints of industrial overuse did not rise to a level of total disability.
 
 
 27
 AFFIRMED.
 
 
 
 [1]
 Brewer apparently raised to the ALJ the issue of her inability to obtain work as impacting on her claimed disability. But under the provisions of 20 C.F.R. Sec. 404.1566 and/or 20 C.F.R. Sec. 416.966, claimed inability to obtain work has no bearing on such a case. The issue is only whether a claimant has the necessary RFC to engage in jobs that the Secretary proves exist