891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. CLEVENGER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5421.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Donald Clevenger appeals from the district court's affirmance of the Secretary's denial of plaintiff's claim for disability benefits under the Social Security Act, as amended, 42 U.S.C. § 301 et seq. Plaintiff contends the hypothetical given to the vocational expert did not fairly describe plaintiff's residual functional capacity because it failed to consider plaintiff's subjective complaints and opinions of treating and other physicians.
 
 
 2
 We conclude that the hypothetical given to the vocational expert adequately described plaintiff's residual functional capacity and substantial evidence supports the Secretary's determination that plaintiff retains the residual functional capacity to perform work in the economy. Therefore, we affirm the district court's judgment for the Secretary.
 
 I.
 
 3
 Plaintiff was born in 1936. He has a seventh grade education and a low literacy level. Plaintiff has worked as a coal mine repairman, coal mine electrician and coal mine supervisor for approximately twenty-five years.
 
 
 4
 On September 24, 1986, plaintiff filed a claim for disability benefits, claiming he became disabled in July 1985 due to back pain and a lung condition. Plaintiff's claim was denied initially, upon reconsideration, and after a hearing by an Administrative Law Judge ("ALJ"). The ALJ found that plaintiff suffers from severe low back pathology and chronic lung disease and could not perform his past relevant work. However, the ALJ determined that plaintiff retains the residual functional capacity to perform a significant amount of work and, therefore, under the medical-vocational guidelines ("grids") plaintiff was not disabled.
 
 
 5
 The ALJ's denial of benefits became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review. Plaintiff then brought this action for judicial review. The district court affirmed the Secretary's decision denying disability benefits. Plaintiff filed this appeal.
 
 II.
 
 6
 This court reviews the Secretary's denial of disability benefits under a substantial evidence standard. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The reviewing court "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). See also Murphy v. Secretary of Health & Human Services, 801 F.2d 182, 184-85 (6th Cir.1986).
 
 
 7
 The social security regulations require a five-step sequential evaluation of a disability claim. 20 C.F.R. § 404.1520 (1988).
 
 
 8
 In this case, the ALJ considered plaintiff's disability claim under the five-step framework and found that plaintiff was not engaging in substantial gainful activity, that his impairments were severe, that his impairments did not meet or equal a listed impairment, and that plaintiff could not perform his past relevant work as a coal mine repairman, coal mine electrician, and coal mine supervisor. However, at the fifth step, the ALJ determined that plaintiff retains the residual functional capacity to perform several other medium, light, and sedentary jobs that exist in the national economy and, therefore, is not disabled.
 
 
 9
 Plaintiff contends that the ALJ's hypothetical to the vocational expert unfairly described plaintiff because the ALJ failed to afford any weight to the reports of plaintiff's treating physician or the other doctors who evaluated plaintiff, and because the ALJ failed to consider plaintiff's testimony regarding pain and discomfort.
 
 
 10
 This court will not question an ALJ's reliance upon a hypothetical asked of a vocational expert if his description of the limitations is supported by substantial evidence. Varley v. Secretary of Health & Human Services, 820 F.2d 777, 780 (6th Cir.1987).
 
 
 11
 The hypothetical question posed to the vocational expert by the ALJ included the following description of plaintiff:
 
 
 12
 Consider the Claimant's age of 51 years and his 7th grade education and his training and work experience, and assume that he has exertional impairments which limit him to medium work. Assume that he also has nonexertional impairments as follows: may not work in an atmosphere containing excessive amounts of dust, fumes or gases, has a limited level of literacy, should not work at heights or around dangerous machinery....
 
 
 13
 The vocational expert responded that, assuming those facts, plaintiff could not perform his past relevant work but could perform twenty-five percent of the medium, seventy percent of the light, and eighty percent of the sedentary unskilled jobs the Secretary found existed under the grids.
 
 
 14
 The hypothetical was supported by substantial evidence and the Secretary properly rejected physician's reports and plaintiff's subjective complaints of pain that were not supported by objective medical evidence.
 
 
 15
 The Secretary is not bound by conclusory statements of total disability by a treating physician where the ALJ has found it is not supported by detailed, clinical, diagnostic evidence. Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 855 (6th Cir.1986) (citing King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984)). Furthermore, as this court stated in Giddings v. Secretary of Health & Human Services, 480 F.2d 652, 656 (6th Cir.1973): "The weight to be given [a] physician's statement [regarding work ability] depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment...."
 
 
 16
 Plaintiff argues that the ALJ erroneously rejected the opinion of Dr. Fahmy, plaintiff's treating physician. However, the ALJ accepted Dr. Fahmy's opinion that due to plaintiff's pneumoconiosis he is disabled from any coal mine employment. Further, the ALJ indicated that Dr. Fahmy's report also demonstrated low back pathology with muscle spasm but since Dr. Fahmy failed to indicate the functional significance of plaintiff's back problem, the ALJ concluded that plaintiff was limited to medium-level work. The ALJ also added restrictions against working in an atmosphere containing an excessive amount of dust, fumes, and gases, based on Dr. Fahmy's opinion.
 
 
 17
 Plaintiff also argues that the ALJ ignored the reports of Dr. Mettu and Dr. Clay regarding certain weight lifting restrictions and other limitations.
 
 
 18
 Dr. Mettu found that plaintiff could not lift or carry any weight, climb steps, or walk more than a half a block due to severe back pain. However, Dr. Mettu's report also said "Musculoskeletal system is unremarkable." The ALJ found that the restrictions were not supported by objective, clinical evidence.
 
 
 19
 Dr. Clay, a non-examining state medical consultant, opined that plaintiff be restricted to lifting twenty-five pounds, sitting or standing about six hours a day, and avoiding heights and dangerous machinery. The ALJ rejected Dr. Clay's assessment because it was based on the unsupported diagnosis of arteriosclerotic heart disease. The ALJ did accept the doctor's recommended height and dangerous machinery restrictions.
 
 
 20
 In the instant case, the ALJ found the reports of the treating and examining physicians lacked the necessary objective medical evidence to support the weight lifting restrictions and restrictions on repetitive standing or sitting. We find the Secretary correctly rejected those restrictions as they were not supported by objective medical evidence.
 
 
 21
 Plaintiff also argues that the ALJ erred in failing to accept his subjective testimony regarding pain when it was not supported by objective and credible medical evidence.
 
 
 22
 However, a plaintiff's allegation of disabling pain will only be considered when it is supported by objective evidence of an underlying condition. Duncan v. Secretary of Health & Human Services, 801 F.2d 847, 853 (6th Cir.1986) (emphasis added).
 
 
 23
 Plaintiff testified that he can only stand for five to ten minutes, sit for thirty minutes, lift and carry ten pounds and walk a limited distance due to his back and lung condition. Plaintiff also complained that he suffered from aching in his knee joints, hands and fingers, and from dizziness. None of these complaints were supported by objective medical evidence and the ALJ so found.
 
 
 24
 Substantial evidence supports the Secretary's findings and failure to include evidence regarding plaintiff's pain and discomfort testified to but not supported by objective and credible medical evidence in the hypothetical was not error.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation