William STILLE, Plaintiff-Appellee,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 73-2134.

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1974.

Decided June 25, 1974.

William Kanter, Dept. of Justice, for defendant-appellant; Irving Jaffe, Acting Asst. Atty. Gen., John P. Milanowski, U. S. Atty., Washington, D. C., on brief.

Don R. Craft, Reamon, Williams, Klukowski & Craft, Grand Rapids, Mich., for plaintiff-appellee.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

On this appeal we review the proceedings in the United States District Court for the Western District of Michigan to determine whether the district judge erred in finding that the decision of the Appeals Council of the Social Security Administration, for the Secretary of the Department of Health, Education and Welfare, was not supported by substantial evidence.

William Stille, appellee herein, filed a disability application in July, 1970. He alleged that he had become unable to work in December 1967, at age 31, due to a blood clot in his left leg. His claim was initially and upon reconsideration denied by the Social Security Administration. Upon request of the appellee, a hearing was held before a Hearing Examiner of the Bureau of Hearings and Appeals.

In a comprehensive written decision the Hearing Examiner denied the appellee's claim for a Period of Disability and Disability Insurance Benefits. In his decision he made the following Findings of Facts and Conclusions of Law.

1. The claimant is 35 years old. He has a 10th grade education. He has worked as a spot welder, as a filer of castings for auto lights, as a construction laborer and as a carpentry joiner.

2. The claimant met the special earnings requirements for disability purposes under the Act on and prior to December, 1967, the date on which he alleges he became unable to work, and continued to meet said requirements through the date of this decision.

3. The claimant has the residual functional capacity to perform one of his previous occupations as a filer.

4. The claimant has not established an inability to engage in a previous occupation by reason of any medically determinable physical or mental impairment which has lasted or could be expected to last for

a continuous period of not less than 12 months.

5. The claimant was not under a "disability" as defined in the Act as amended at any time prior to the date of this decision.

The Appeals Council sustained the decision of the Hearing Examiner and it therefore became the final decision of the Secretary. Thereupon the appellee commenced an action in the District Court pursuant to the provision of the Social Security Act (Sec. 405(g), Title 42, U.S.C.) for review of the final decision of the Secretary in denying his claim for disability benefits.

In December 1967, the appellee suffered injury to his knee and ankle by jumping off a scaffold. He was hospitalized when his leg became swollen and it was discovered that he had blood clots in his left leg. He was in the hospital for fourteen days and was discharged on December 27, 1967, after the pain and swelling in his leg had subsided. After he was discharged from the hospital he remained at home under his doctor's order and treated his leg by elevation and heat baths. In July of 1968 the doctor informed him that he could return to work.

The appellee then went to work for Bay Castings Company as a filer. This was primarily a sitting job and he was paid $3.20 an hour. He worked on this job for about six months until he quit in February 1969. He quit Bay Castings in order to go back to construction work. The doctor had given him a rubber stocking and he thought he would be able to do construction work. He worked only three days on a construction job and found he could not make it because of the swelling in his leg. Following this, he went back to his old construction job (Walkers) and worked for three and a half days. This company discharged him when it found he had made a claim for workman's compensation. (He received $3,500.00 as a lump sum settlement for his injury.) The appellee also worked at Trenway (sp.) for about three months until January 1970. This involved spot welding and while it was not heavy work it required standing. The appellee was paid $2.75 per hour for this work.

Section 405(g), *supra,* provides for judicial review by the District Court and limits that review to a consideration of the administrative record. It is further provided that the findings of the Secretary as to any fact, if supported by substantial evidence, is conclusive. Lane v. Gardner, 374 F.2d 612 (C.A.6), Ross v. Richardson, 440 F.2d 690 (C.A.6).

To be entitled to a period of disability and disability benefits a claimant must bring himself within the provisions of the various sections of the Social Security Act which define those terms.

Section 423(d)(1), Title 42, U.S.C.,

"The term 'disability' means (a) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;"

(2)(A),

" * * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

(3),

"A 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques."

(5),

"An individual shall not be considered to be under a disability *unless he furnishes* such medical and other evidence of the existence thereof as the Secretary may require." (Emphasis added.)

While we have great respect for the analysis and conclusion of the district judge we are not bound by them. We consider first the medical evidence.

After being hospitalized in December, 1967, and remaining at home under treatment until July of 1968, Doctor Helbing advised the appellee that he could return to work. The only medical evidence in the record before the Hearing Examiner is a written report of Dr. Helbing as follows:

"I don't feel Mr. Still will ever have a secure future as a laborer. Although he performs well now, with heavy work, lifting and straining, he runs a definite risk of attacks of thrombophlebitis. These would probably increase in severity, leaving Mr. Stille eventually with a chronically swollen and inflammed lower extremity."

This refers to appellee's *future* as a laborer. It says he presently performs well with heavy work, lifting and straining. He runs the risk of thrombophlebitis. This does not appear to us to establish present disability. It is incumbent on the claimant appellee to submit adequate medical evidence of disability. On this state of the record it was not necessary for the Secretary to submit counter medical evidence of disability.

As to the ability to work, the question is not whether the appellee can return to his former work of construction but whether he has the ability to engage in any substantial gainful activity. The appellee himself testified that he could do the type of work that he did at Bay Castings.

"Q. * * * how about the type of work you were doing at Bay Casting? Could you do the job of a filer? Sitting at a bench and filing off the * * *?

A. Yes.

Q. * * * the rough parts of, ah, * * *

A. Uh-huh.

Q. * * * auto parts? Think you could do that?

A. Yes.

Q. And if you, if you could get that kind of job, you think you could manage it?

A. Yes. I don't see why I couldn't."

Upon this testimony the Hearing Examiner found, "The claimant has the residual capacity to perform one of his previous occupations as a filer." For this work the appellee received $3.20 an hour for a forty hour week. Section 423 (d)(2)(A) supra, provides,

" * * * an individual * * * " is not under a disability if he can " * * * engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

We would consider that such a job of filing would be of such a common nature that certainly it would exist in the national economy.

We have carefully examined the record in this case and conclude that the findings of the Secretary are supported by substantial evidence.

The judgment of the District Court is reversed and the case remanded with instructions to dismiss the complaint.