**John B. AKERS, Plaintiff-Appellant,**

v.

**Forrest David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 75–2294.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1976.

Decided Sept. 24, 1976.

R. Roland Case, Kelsey E. Friend Law Firm, Pikeville, Ky., for plaintiff-appellant.

Eldon L. Webb, U. S. Atty., Richard E. Duerr, Jr., Lexington, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and GREEN,* District Judge.

PER CURIAM.

This is an appeal from the denial of social security disability benefits. The administrative law judge's determination that claimant was not disabled on or before June 30, 1972 when he last had the requisite insured status became the final decision of the Secretary when the Appeals Council, after considering additional medical evidence, approved the decision on June 13, 1974. Claimant thereupon initiated this action for review of the decision of the Secretary pursuant to § 205(g) of the Social Security Act, as amended.

The only issue presented to the district court on cross-motions for summary judgment was, as in this appeal, whether there is substantial evidence in the record considered as a whole to support the Secretary's finding that there are jobs in the national economy that claimant can perform. The district court, accepting the Secretary's concession that claimant was disabled from performing his usual work, determined that the Secretary had met his burden of identifying gainful work in the national economy that claimant could perform and, when claimant failed to establish that he could not do the work, upheld the denial of benefits. We affirm.

* The Honorable Ben C. Green, United States District Judge for the Northern District of Ohio, sitting by designation.

The only contention claimant makes in his brief is that a vocational expert, whose testimony that claimant, despite his conceded limitations, possessed the capacity for performing jobs in the moderate and light category found in the national economy, recanted her testimony to that effect on cross-examination.

The record reveals that the indicated testimony that "I doubt if the man could do satisfactory work if he cannot any longer work in underground coal mining" was expressly premised on the assumption that his "coal worker's pneumoconiosis Category A" was in the "advance stage." The record also contains expert medical evidence that claimant possessed ". . . possible pneumoconiosis (or silicotuberculosis), ILO Category A, without evidence of obstructive or restrictive pulmonary dysfunction," and the administrative law judge found that claimant's pneumoconiosis was "early stage." Accordingly, the premise for the vocational expert's opinion on cross-examination that claimant could perform no satisfactory work was refuted by the administrative law judge's findings, and it follows, therefore, that there is substantial record support for the determination of the Secretary. Although, like the district court, we recognize that claimant has a diminished physical capacity conjoined with psychological impairment, nevertheless, like the district court we are required on this record to uphold the determination of the Secretary. *See Stille v. Weinberger,* 499 F.2d 244 (6th Cir. 1974).

Affirmed.