782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTHONY NUNES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES,
 84-3262
 United States Court of Appeals, Sixth Circuit.
 12/5/85
 
 Before: ENGEL, KENNEDY, and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mr. Nunes appeals the decision of the District Court adopting the Magistrate's recommendation that the Secretary's motion for summary judgment be granted. This decision sustained the final determination of the Secretary, denying Mr. Nunes Social Security Disability Benefits, following the ALJ's report. The ALJ found that Mr. Nunes did not have an impairment which significantly limits his ability to perform basic work-related functions, and thus he did not have a severe impairment as defined in 20 C.F.R. Sec. 404.1520(c). The decision of the ALJ denied Mr. Nunes benefits under the Social Security Act, 42 U.S.C. Secs. 416(i), 423.
 
 
 2
 The issue presented is therefore whether substantial evidence on the record supports the Secretary's determination.
 
 
 3
 Mr. Nunes alleged in his application for disability benefits, dated March 2, 1978, that he had been totally disabled since February 2, 1978, when he was injured while at work. He complains of severe and virtually constant low back pain. Mr. Nunes receives Workers' Compensation disability benefits arising from the work-related injury.
 
 
 4
 The ALJ found that Mr. Nunes' complaints of disabling pain were not credible partly in view of the fact that Mr. Nunes participates in a wide range of daily activities, including driving a car, preparing meals, doing light housework, and walking his dog. The ALJ also found that Mr. Nunes' account of pain was not worthy of credence because of the lack of objective findings which supported it. X-rays showed only minimal degenerative hypertrophic changes of the facet joint. His physicians recommended therapy and medication as needed. Mr. Nunes did not participate in therapy or exercise in a significant way. He takes aspirin and Robaxisal (a nuscle relaxant) regularly and Valium occasionally. He has never been hospitalized for back pain.
 
 
 5
 Mr. Nunes argues on appeal that the Secretary submitted no medical evidence to counter his own, so that his unrebutted account should have prevailed. Mr. Nunes failed to even establish a prima facie case of disability, however; the Secretary had no burden of rebuttal. Stille v. Weinberger, 499 F.2d 244 (6th Cir. 1974).
 
 
 6
 Because we find that the Secretary's decision was supported by substantial evidence on the record, we need not consider Mr. Nunes' argument that the District Court erred in applying the medical-vocational guidelines ('the grid') when the ALJ had not relied or or even made mention of them below. The Secretary was not required to apply the grid in this case, because the evidence did not establish an impairment which significantly limits his ability to do basic work activities. 20 C.F.R. Sec. 416.920(c).
 
 
 7
 The determination of the Secretary is supported by substantial evidence on the record. Accordingly, the District Court's ruling sustaining this determination is affirmed.