**Bobby N. LAMBDIN, Plaintiff–Appellant,**

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

**No. 02–6021.**

United States Court of Appeals, Sixth Circuit.

April 9, 2003.

624

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER, District Judge.*

### ORDER

Bobby N. Lambdin, through counsel, appeals a district court judgment that affirmed the Commissioner's denial of his claim for social security benefits. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Lambdin filed his application for benefits in January 2000, claiming that he could not work because of back pain. At the time of his hearing before an Administrative Law Judge ("ALJ"), Lambdin was fifty-three years old, had a sixth-grade education, and had past work experience as a

coal miner. Lambdin testified that he could not read, except for some "little words." He stated that he understood some road signs. The record shows that the ALJ assumed that Lambdin had personally completed the necessary forms for applying for benefits.

Following a review of the medical and other evidence, the ALJ found that Lambdin was disabled. The Appeals Council reopened the ALJ's decision on its own motion, noting several "discrepancies" between the record evidence and the ALJ's decision. Lambdin's lay representative objected to reopening the decision and argued that Lambdin fit into the grids because he was functionally illiterate.

Reversing the decision of the ALJ, the Appeals Council concluded that Lambdin was not disabled.

The district court granted the Commissioner's motion for summary judgment, relying in part on the ALJ's assumption that Lambdin possessed the level of academic functioning necessary to complete the application for social security benefits.

In his timely appeal, Lambdin argues that the Commissioner's ultimate decision is not supported by substantial evidence. He also moves for a remand under sentence six of 42 U.S.C. § 405(g).

The standard of review that applies to Lambdin's case was articulated by this court in *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989):

> Judicial review of the [Commissioner]'s decision is limited to determining whether the [Commissioner]'s findings are supported by substantial evidence and whether the [Commissioner] employed the proper legal standards in reaching her conclusion. Substantial ev-

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

idence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.

*Id.* at 681 (citations omitted). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if a reviewing court would decide the matter differently, *see Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir.1983), and even if the claimant's position is also supported by substantial evidence. *See Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986). In cases like this one, where the Appeals Council has disagreed with the ALJ's determination, the issue for review is whether the Appeals Council's findings—not those of the ALJ—are supported by substantial evidence. *Id.* at 546.

 Upon review, we conclude that there is not substantial evidence to support the Appeals Council's decision. Under the Social Security Regulations:

> Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. § 404.1564(b)(1). The record evidence reveals that Lambdin stopped attending school during the seventh grade. *Cf. Skinner v. Secretary of Health & Human Servs.,* 902 F.2d 447, 450–51 (6th Cir.1990) (concluding that a claimant who reads below the third-grade level and whose math computational skills place him in the first percentile of his age population is illiterate). The ALJ found Lambdin to be a credible witness, and his testimony

indicates that he may meet the criteria of § 404.1564(b)(1). Although the Appeals Council found "discrepancies" in Lambdin's testimony, it relied upon the cold record developed by the ALJ to make credibility assessments. Clearly the ALJ had an advantage in making these findings.

 Upon review, we conclude that the Commissioner failed to develop the record adequately regarding Lambdin's claim of illiteracy. Of particular concern to us was the district court's need to rely on Lambdin's having filled out the complex forms needed to apply for benefits. It appears to us from the record that the application may have actually been completed by someone on Lambdin's behalf. We are also of the view that the district court may have considered the literacy test to be more restrictive than some of the caselaw indicates is appropriate.

There are a few special circumstances—when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures—where the ALJ has a special duty to develop the record. *Lashley v. Secretary of Health and Human Servs.,* 708 F.2d 1048, 1051–52 (6th Cir.1983). Lambdin was not represented by counsel before the ALJ, and it is unclear whether he was able to present an effective case. Although whether the Commissioner failed in its duty in this case is a close question, this record cries out for clarification.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED with instructions that the district court remand it to the Commissioner for further proceedings not inconsistent with this decision. Lambdin's motion for a remand is denied as moot.