# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-51004
Summary Calendar

DAVID E. PENA,

Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-547

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Pena appeals the district court's affirmance of the Commissioner of Social Security's (the Commissioner's) decision that Pena was entitled to Supplemental Security Income (SSI) payments for a disability starting January 20, 1999, but ineligible for SSI from February 1, 1997 to January 19, 1999 and completely ineligible for Disability Insurance Benefits (DIB). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In 1998, David Pena applied for SSI and DIB claiming a disability onset date of February 1, 1997. Following a hearing, the Administrative Law Judge (ALJ) concluded Pena met the disability requirements beginning January 20, 1999. The Social Security Commission's Appeals Council vacated and remanded the ALJ's finding for failure to address the severity of Pena's conditions and his subjective complaints. At a supplemental hearing, the ALJ again issued a partially favorable decision, finding Pena disabled as of January 20, 1999 when his condition (liver disease) met the Commission's Listings of Impairments.[1] Using the Medical–Vocational Guidelines,[2] the ALJ determined Pena was not disabled prior to January 20, 1999. This finding entitled Pena to SSI but not DIB, since his disability arose after his insured status expired on June 30, 1997. The Appeals Council denied Pena's further request for review. Pena then sought review in the United States District Court for the Western District of Texas. The United States Magistrate Judge recommended affirming the Commissioner's decision, and the United States District Judge adopted the magistrate's recommendation. Pena appealed to this court arguing, first, that the Commissioner erred in finding Pena literate and, second, the district court erred when it applied an improper guideline.

II

We review the Commissioner's final decision for substantial evidence supporting the decision and the application of proper legal standards for evaluating evidence.[3] Substantial evidence is more than a scintilla but less than

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] 20 C.F.R. pt. 404, subpt. P, app. 2.

[3] Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994).

a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision.[4]

The Commissioner has adopted a five-step sequential process to determine whether a claimant is disabled.[5]  At issue is the fifth inquiry: is the claimant capable of other work available in the national economy?  The Commissioner uses the Medical–Vocational Guidelines to answer the inquiry.  Pena's claim hinges on whether the ALJ applied the correct guideline.[6]  The ALJ applied rule 202.11, which rejects a disability finding for an individual who has the residual functioning capacity for light work, a limited education (at least literate and able to communicate in English), a skilled or semiskilled work history without transferable skills, and who is approaching advanced age.[7]  Pena contends rule 202.09 applies.  Rule 202.09 directs a disability finding for an individual who has the residual capacity for light work, an unskilled work history, is illiterate or unable to communicate in English, and is approaching advanced age.[8]  Pena contends the ALJ erred by (1) improperly determining he was literate and (2) improperly characterizing his work history as semi-skilled with non-transferable skills, rather than unskilled.

A

Pena contends the ALJ erred by rejecting Dr. Susan Pelzer's testimony that Pena is functionally illiterate.  Pena characterizes Pelzer's testimony as a medical opinion and cites cases holding that an ALJ may not arbitrarily reject

---

[4] Id.

[5] 20 C.F.R. § 404.1520(a)(4)(i)-(v).

[6] 20 C.F.R. pt. 404, subpt. P, app. 2, tbl.2.

[7] Id.

[8] Id.

uncontroverted medical testimony.[9]  In those cases, the ALJ had disregarded medical testimony about medical conditions—e.g., the severity of a claimant's depression.[10]  Moreover, the regulations define a "medical opinion" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."[11]

A claimant's education is a vocational factor the ALJ considers in determining what jobs a claimant is capable of performing; illiteracy is one category of education.[12]  The regulations consider a claimant illiterate if "the person cannot read or write a simple message such as instructions or inventory lists."[13]  Thus, we agree with the Commissioner that Dr. Pelzer's testimony is not a medical opinion entitled to greater weight.  Pelzer tested Pena with an intelligence and achievement test and concluded he performed poorly in spelling and reading.

Moreover, the record does not indicate that Pelzer's opinion—medical or not—was uncontroverted, and the ALJ may reject a physician's opinion if the evidence supports a contrary conclusion.[14]  First, based on the body of Pelzer's report, the ALJ did not find the conclusion convincing.  Pelzer found Pena was of average intelligence, his English grammar and syntax were good, and that he

---

[9] E.g., Strickland v. Harris, 615 F.2d 1103, 1110 (5th Cir. 1980).

[10] Id.

[11] 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).

[12] 20 C.F.R. §§ 404.1564(b)(1); 416.964(b)(1).

[13] Id.

[14] Martinez v. Chater, 64 F.3d 172, 176 (5th Cir. 1995).

spoke fluent English. She concluded he read at the first grade level and was functionally illiterate.

But Pena's and his wife's own testimony suggested he met the regulation's literacy standard. He stated that he could write a "little bit" and he could read the newspaper, though he often skipped words he did not know. Pena's wife also testified Pena can read and write "a little bit" but not well, and that he had difficulty with reading comprehension. She also stated he could grocery shop with a list she prepared; she claimed he did so by matching the words on the list with the words on the store's items. The ALJ discounted the latter statement due to the amount of time a single shopping trip would require for an individual to sort and match letter-by-letter the numerous items in a grocery store with those on the list. Pena also admitted he had passed the sixth grade, which the regulations consider evidence of marginal education.[15]

Pena cites several cases from outside this circuit and argues they equate a sub-third-grade reading level with illiteracy.[16] It is arguable whether these cases stand for this bright-line rule.[17] Regardless, we need not determine whether we adopt such reasoning because these cases are factually distinguishable. For example, the record in some cases was devoid of other evidence except the claimant's tested reading level[18] or lacked specific evidence present here (e.g. the claimant, unlike Pena, specifically testified he could not

---

[15] 20 C.F.R. §§ 404.1564(b)(2); 416.964(b)(2).

[16] See, e.g., Wolfe v. Chater, 86 F.3d 1072, 1076-77 (11th Cir. 1996); Skinner v. Sec'y of Health & Human Servs., 902 F.2d 447, 449 (6th Cir. 1990); cf. Glenn v. Sec'y of Health and Human Servs, 814 F.2d 387, 389-91 (7th Cir. 1987).

[17] See, e.g., Wolfe, 86 F.3d at 1077 (remanding for further factual finding and noting that the record evidence—that claimant could read at the third-grade level—did not "support any classification" of claimant's educational level as literate or illiterate).

[18] Id.

read any part of the newspaper).[19] Moreover, while other circuits have described similar rules in dicta, they ultimately upheld the ALJ's determination in light of facts unsupportive of the rule.[20] Some of the cases Pena cites, such as Glenn, arguably strengthen, not challenge, our conclusion.[21]

Pena also contends that the Magistrate Judge erred in concluding that Pena's completion of the sixth grade was substantial evidence that he was literate; he cites the regulations in support.[22] We do not address that argument because the record contains more evidence regarding Pena's literacy than his highest grade completed.

Given the record, the ALJ had sufficient evidence to conclude that Pena satisfied the regulation's literacy standard.

## B

Pena next contends that the ALJ should have characterized Pena as an unskilled worker and applied rule 202.09. Pena argues specifically that when a worker has no transferable skills from skilled or semi-skilled work, the ALJ should treat the worker as unskilled. However, Pena's argument that rule 202.09 applies is predicated on a finding of illiteracy—a finding we have rejected.

---

[19] Skinner, 902 F.2d at 448 (noting Skinner only completed the third grade and could not read a newspaper); Dixon v. Heckler, 811 F.2d 506, 509-11 (10th Cir. 1987) (noting also that the ALJ had not fulfilled the duty of inquiry imposed on ALJs).

[20] Glenn v. Sec'y of Health and Human Servs, 814 F.2d 387, 389-92 (7th Cir. 1987) (upholding the ALJ's finding of literacy for a baker's assistant who could not decipher a Betty Crocker recipe, wrote only the simplest of messages, and could "pick out" words in the newspaper, but noting in dicta that the regulations do not classify a person as literate simply because they can sign their name or have some formal schooling).

[21] See id.

[22] 20 C.F.R. § 404.1564(b) ("Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities.").

Assuming arguendo the ALJ should have classified Pena as unskilled, rule 202.10 would apply.  That rule directs a finding of not disabled for an individual closely approaching advanced age, with limited or less education, and whose previous work experience is unskilled.  In other words, any error the ALJ arguably made was harmless.

*          *          *

The applicable Medical–Vocation Guidelines do not demonstrate that Pena was disabled prior to the ALJ's determination that Pena's liver disease met the Commission's Listings of Impairments.  Therefore, we AFFIRM.