**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-40094
Summary Calendar

ROY A. BROWN

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-262

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a denial of social security benefits. Finding no reversible error, we AFFIRM the judgment of the district court.

## BACKGROUND

On September 21, 2000, prior to the current case, the appellant, Roy Brown ("Brown"), filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). His application alleged a disability onset date of October 2, 1999. The application was denied on April 12,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001. Since Brown did not seek reconsideration of that denial, the decision became FINAL.

Brown filed another application for DIB under the Act, here currently at issue, that was denied on January 20, 2004. It was again denied upon reconsideration on May 14, 2004. Brown then filed a request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held the hearing on March 31, 2006. On September 25, 2006, the ALJ decided that Brown did not qualify for DIB because he was not disabled as defined by the Act. Brown requested review by the Appeals Council. The Appeals Council denied Brown's request on April 28, 2007. With that denial, the ALJ's decision became that of the Commissioner. On June 8, 2007, Brown sought review of the Commissioner's decision by the federal district court. The court referred the case to a magistrate judge and then accepted the magistrate judge's November 7, 2008 report and recommendation and dismissed the case with prejudice. Brown now appeals that decision.

## DISCUSSION

In the DIB application considered here, Brown claims that his ability to work[1] has been limited, since at least October 1, 2001, by major depression and bi-polar disorder. He asserts that when he is manic, he has difficulty completing projects and complying with directions. When he is depressed, he sleeps most of the time and has difficulty following his work schedule. Medical records dating back to Brown's 1992 hospitalization at University Park Hospital document his history of mental illness. Beginning at that time, Brown has received a variety of pharmaceutical, talk therapy, and group therapy treatments to address his manic-depressive symptoms. Brown began receiving

---

[1]Brown's application and testimony indicate that he has most consistently been employed in the past as an auto mechanic. However, during a hearing held on March 31, 2006, he testified that he last worked, in 1999, on an offshore drilling rig. He also testified at that time that he was not looking for work and lives off his wife's disability income. She suffered a stroke in 1994.

treatment at Sabine Valley Clinic on May 20, 1996. His treatment at that facility continues through the present, although he has been under the care of several different physicians during that time.

Section 205(g) of the Act, 42 U.S.C. § 406(g), limits the judicial review of the denial of disability benefits to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (*per curiam*). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The court may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute the court's judgment for the Commissioner's, even if the evidence preponderates against the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

"Substantial evidence is more than a scintilla but less than a preponderance–that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 Fed.Appx. 382, 383 (5th Cir. 2003) (*citing Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Four factors constitute substantial evidence: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d at 1302, n.4 (5th Cir. 1987).

A claimant has the burden of proving disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 416 (I)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

A five-step analysis guides the Commissioner's determination of a claimant's disability: (1) Is the claimant currently engaged in substantial gainful activity? (2) Is the alleged impairment severe? (3) Does the claimant have an impairment for combination of impairments that meet or equal those listed in Appendix 1? (4) Does the impairment prevent the claimant from performing his past relevant work? (5) Does the impairment prevent the claimant from performing any other work? 20 C.F.R. § 404.1520(b)-(f); 20 C.F.R. § 416.920. Furthermore, a claimant must show that he was disabled on or before the last day of his insured status. *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981). The claimant bears the burden of proof for steps (1) through (4). If the claimant shows that he cannot perform his past relevant work, the Commissioner bears that burden at step (5). *Villa*, 895 F.2d 1019, 1022 (5th Cir. 1990). THE ALJ found that although Brown has mental problems, he did not fit the definition of "disabled" during the period covered by his benefits claim.

Appellant Brown argues that the ALJ's finding of "not disabled" is based on significant legal error and lacks the support of substantial evidence. Brown contends that the ALJ erred in evaluating the medical evidence in weighing the medical source opinions of record. In this appeal, Brown focuses on alleged error by the ALJ in two ways: (1) his mistakenly weighing the testimony of a non-examining psychiatrist, Dr. Sharifian, in comparison to the testimony of Dr. Harold, on whose assessment Brown heavily relies for proof of his disability; and (2) mischaracterizing Dr. Harold's expert testimony as of "little probative value." Brown further contends that the ALJ erred by (3) finding that substantial evidence supported a lack of credibility of Brown's subjective complaints.

The Commissioner contends that the ALJ properly evaluated the medical evidence and properly rejected the credibility of Brown's complaints. The Commissioner contends that the application of the proper legal standard and the sufficiency of the evidence in this case support the decisions of the ALJ and the federal district court.

In order to prove his disability, Brown relies heavily on the testimony of Dr. Harold at the Sabine Valley Clinic. Brown contends that Dr. Harold is properly classified as a "treating physician" and "examining source." As such, his testimony regarding Brown's condition would be weighed more heavily than that of Dr. Sharifian[2], a non-examining source. When a non-examining physician's conclusions either contradict or are unsupported by an examining physician's findings, the non-examining physician's report does not provide substantial evidence. 20 C.F.R. § 404.1527(f)(2)(iii). *Newton v. Apfel*, 209 F.3d at 448, 458 (5th Cir. 2000). A treating source "means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. Brown bases his argument on the fact that Dr. Harold treated Brown once every three months between January 2004 and May 2005. He also points out that Dr. Harold had the opportunity to review Brown's records from the Sabine Valley Clinic, dating back to 1996.

As the ALJ found, however, Brown's visits with Dr. Harold took place after the relevant time period under review in this case. The relevant period dates from October 1, 2001 to September 30, 2002. This is the only relevant period the law required the ALJ to consider, given the expiration of Brown's insured status,

---

[2]Dr. Mahdi Sharifian is the State Agency reviewing medical psychiatrist who concluded that Brown had no more than moderate limitations in selected areas of functioning. Brown also points out that Dr. Sharifian has a specialty in child psychiatry, suggesting that she may not be adequately qualified to assess his condition. However, Dr. Sharifian's secondary specialty is general psychiatry.

and the fact that Brown filed an earlier DIB application that was denied and never appealed.[3]

Brown also discounts the authority of Dr. Sharifian. However, findings of fact made by State Agency consultants concerning the nature and severity of the claimant's impairments must be treated as expert testimony by a non-examining source at the ALJ and Appeals Council administrative review levels. *SSR 96-6p, Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact By State Agency Medical and Psychological Consultants at the Administrative Law Judge and Appeals Council Level of Review,* 1996 WL. 374180 (SSA). Dr. Sharifian's assessment of Brown was properly considered and was tied to the relevant period at issue here.

On the closely related question whether Dr. Harold's testimony was of "little probative value," Brown argues Dr. Harold's testimony is relevant, though it is retrospective. He contends that retrospective medical diagnoses may constitute relevant evidence of pre-expiration disability. The two cases he cites in support of his position, however, apply specifically to disability claims related to post traumatic stress disorder. *Likes v. Callahan*, 112 F.3d 189, 190-91 (5th Cir. 1997). *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000). More significant, is that these cases, and Brown's accompanying argument, do not address the impact of *res judicata* on the period prior to October 1, 2001, given Brown's prior denial of DIB.

Further, even if Dr. Harold's testimony was deemed that of a "treating physician," it would only be given "controlling weight" if it was well supported by medically acceptable clinical and laboratory diagnostic techniques, and was

---

[3]Dr. Harold did not see Brown during the period for which Brown now seeks benefits, nor can his review of Brown's past treatment records revive an already-denied claim. If a claimant fails to timely appeal the denial of a disability claim, the claim becomes final and *res judicata* bars the claimant from seeking disability for that same period in a subsequently filed application. *Brown v. Apfel*, 192 F.3d 492, 495 (5th Cir. 1999). 20 C.F.R. § 404.957(c)(1). We conclude that *res judicata* bars consideration of that prior period here.

not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Dr. Harold completed a restrictive fill-in-the-blank and check-the-block "psychiatric/psychological impairment questionnaire" on May 16, 2005. The ALJ concluded that this assessment held little value not only because of the late date that it occurred, but also because Dr. Harold did not have a legitimate treating relationship with Brown at that time. Dr. Harold saw Brown five times prior to that assessment, with most of the visits lasting significantly less than 20 minutes. As the court below concluded, an opinion based on such a relatively fleeting relationship should not be accorded the "controlling weight" of a "treating physician" testimony under the law. Therefore, Dr. Harold's testimony was of limited probative value here.

Regarding the issue of Brown's credibility, we emphasize again that the relevant one-year time period runs from Brown's alleged onset of disability on October 1, 2001 to the date he last met the insured status requirements on September 30, 2002. While Brown's medically determinable impairments during that time could reasonably be expected to produce the symptoms he alleged in his testimony before the ALJ, the ALJ found that the objective medical evidence does not support his allegations concerning the intensity, duration, and limiting effects of his symptoms during the relevant period. Brown's subjective accounts of his illness cannot outweigh the countervailing facts.

In fact, the only documentary evidence presented from the relevant time period is clinic notes from two medical appointments, one on March 4, 2002, and the other on September 16, 2002.[4] The first of those notes, created by Dr. Murphy, reported that Brown was generally oriented, his mood was euthymic, his affect was appropriate, and he did not have suicidal or homicidal

---

[4]The record also indicates that Brown failed to appear for his two scheduled appointments on May 25, 2002 and July 17, 2002. Neither party disputes this fact. However, the appellant argues that the missed appointments suggest the severity of Brown's incapacity, whereas the appellee insists that they indicate a failure to pursue treatment. Given the other issues under consideration here, this particular dispute is not determinative.

ideations. The second note reported that Brown did not have suicidal or homicidal ideations and that he had an appropriate affect. Based on a Mental Residual Functional Capacity Assessment completed on May 13, 2004, the ALJ found that between October 1, 2001 and September 30, 2002, Brown retained the residual functional capacity necessary for a range of work activity, subject to some limitations. Those limitations, deemed "moderate," affected: his ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; to complete a normal work day and work week without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods; to accept instructions and respond appropriately to criticism from supervisors; and to set realistic goals and make plans independent of others. Based upon further testimony of a vocational expert, the ALJ concluded that Brown could perform his past relevant work as an automobile mechanic during the relevant one-year period. Accordingly, Brown could not be properly classified as "disabled" under the Act.

The ALJ evaluated Brown's credibility under appropriate legal standards, and his conclusion is sufficiently supported.

For these reasons, we conclude that the ALJ applied the proper legal standard in evaluating the case, and substantial evidence supports the conclusion below that Brown's application for DIB should be denied. The judgement of the district court is **AFFIRMED**.